CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC 20 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TRAVIS LEON DAVIDSON,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:11-cv-00574 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| DR. ALI UZMA, et al., <br>    Defendants. | ) <br> ) <br> ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Travis Leon Davidson, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Dr. Ali Uzma, Sheriff Octavia Johnson, and Captain Edward Kirk, all staff at the Roanoke City Jail ("Jail"). Plaintiff alleges that Jail staff are deliberately indifferent to a serious medical need. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing the record, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

The defendants allegedly violate plaintiff's Eighth Amendment right and commit negligence because "they" took his walking cane from him. Although plaintiff could have the cane in the medical pod, Jail staff reassigned him from the medical pod, and the cane is a security threat in his new pod. Plaintiff needs the cane because his knees swell and hurt when he has to walk far without it. However, plaintiff does not need the cane to walk short distances. Plaintiff concludes that "they" have not given him adequate medical care, delay his access to medical care, and do not treat his medical need.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th

2

Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need in order to state a claim under the Eighth Amendment for unconstitutional medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to show deliberate indifference, a public official must have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. Sosebee v. Murphy, 797 F.2d 179, 181-83 (4th Cir. 1986).

Plaintiff presently fails to state a claim upon which relief may be granted. Plaintiff relies on mere labels and conclusions to present his claim. Furthermore, plaintiff does not describe how a particular defendant was aware of his need for the cane or of a substantial risk of serious physical harm. Moreover, plaintiff does not presently describe a serious medical need that perpetuates severe pain. See Veloz v. New York, 339 F. Supp. 2d 505, 525-26 (S.D.N.Y. 2004) (plaintiff's chronic back pain and mild to moderate degenerative arthritis of spinal vertebrae did not establish a serious medical need); Phillips v. Goord, 08-CV-0957, 2009 U.S. Dist. LEXIS

3

29322, 2009 WL 909593, *6 (W.D.N.Y. Apr. 1, 2009) (allegations of "chronic" back pain do not support a claim that plaintiff had a serious medical condition). Accordingly, plaintiff fails to presently state a claim upon which relief may be granted, and I dismiss the complaint without prejudice.

III.

For the foregoing reasons, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

**ENTER**: This 20th day of December, 2011.

Senior United States District Judge